GULF, COLORADO & SANTA FE RAILWAY COMPANY
v. ABIGAIL SADDLER.

No. 1304.

**Damage to Sod by Burning Grass—Evidence.**—Where the action was for damage to grass land by fire, with evidence that the sod and roots were injured thereby, it was error to exclude evidence that the land had been burned over the first and second years previous, and that the turf and roots were damaged thereby.

APPEAL from the County Court of Tarrant. Tried below before Hon. ROBERT G. JOHNSON.

· J. W. Terry and Charles K. Lee, for appellant.—1. The verdict of the jury for $200 is excessive, in this, that the plaintiff, under the evidence introduced in this cause, could not recover exceeding $2 per acre for 56½ acres of land, making in all $113. · ·

2. There being evidence in the record to show the burning of grass on the land had a tendency to damage the roots thereof and damage the turf, and to render it less productive in succeeding years, the fact that the grass had been burned over the two years just preceding the burn in question tended to show that the capacity of the land at the time of the burn for the production of grass had already been very much decreased.

W. R. McLaury, for appellee.—Leaving the right of way foul with combustible matter where its road passes through appellee's farm was negligence. Permitting fire to escape and communicate fire to appellee s premises rendered appellant liable to appellee for all damage occasioned thereby to her for grass destroyed, for the injury by destruction of turf and grass roots, for posts and wire destroyed; and if there is any evidence whatever to show the value of such injury or loss to appellee, a verdict found on such evidence will not be disturbed by this court.

STEPHENS, ASSOCIATE JUSTICE.—In the month of November, 1891, appellant's freight train set fire to the grass land of appellee, which burned over 56½ acres thereof, to the injury of the roots and turf, besides destroying the fence inclosing the same.

The witnesses for appellee placed the damage to the roots and turf at from $2 to $4 per acre, with the decided preponderance of the evidence in favor of $2 as the maximum amount of damage. They also proved that the burning of grass at that season of the year greatly impaired its productive capacity for the next succeeding years, so that it would not produce more than a half or a third of a crop the following year.

About one year after this burn the witnesses of appellant examined the meadow, and testified, that they could discover no difference in

the turf and grass on the land that had been burned and that that had not. Appellant also offered to prove by the witness Buchanan, that the land burned in November, 1891, was burned over in the fall of the year 1889 and in the fall of the year 1890, and that the turf and roots were damaged thereby. This evidence was excluded, on the objection that it was irrelevant and immaterial to any issue in the case.

It seems to us that, in view of the testimony introduced on behalf of both parties, and especially in view of the difficulty in this class of cases of ascertaining the true extent of damage done to the sod, the testimony should have been admitted, as a circumstance for the consideration of the jury in weighing the conflicting estimates of damage made by the several witnesses. It can hardly be said to be entirely irrelevant.

It is contended by appellee, however, that if admitted the result would have been the same. This may be, but we are of the opinion that, if this evidence had not produced a different result, something else should have done so; that is to say, we can not account for the amount of the verdict, of which complaint is made, on the evidence found in this record. While the excess is not great, it is none the less real.

Had it not been for this excess in the amount of the verdict, it may be that the excluded testimony would not have been of sufficient magnitude to have required a reversal of the judgment.

On account of its exclusion and the excess in the amount of the verdict considered together, we are of opinion that the judgment should be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 3, 1894.